IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RAYMOND CARL WHITE,**

       **Petitioner,**

v.                                        Criminal No. 2:03cr103-05
                                          Civil No. 2:05cv203

**UNITED STATES of AMERICA,**

       **Respondent.**

## OPINION & ORDER

Pro se Petitioner, Raymond Carl White ("Petitioner"), filed this Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on March 30, 2005.[1] Petitioner states three grounds in support of his Motion: (1) that his sentence is unconstitutional in light of the rule announced in Booker; (2) that he was convicted absent sufficient evidence that he committed the offense, because there was no evidence that he was in possession of a controlled substance at the time of arrest; and, (3) that he could not have committed the offense for which he has been convicted because he was under house arrest on the date of the crime. Because Petitioner's arguments are without merit, his Motion is **DENIED** and **DISMISSED**.

I. FACTS AND PROCEDURAL HISTORY

---

[1] Although Petitioner's Motion was filed by the Clerk on April 4, 2005, it is deemed filed with the Court on the date that it was placed in the prison mailing system. See Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating the special rule for pro se prisoners in light of the challenges faced in ensuring that their court documents are timely filed).

On November 20, 2003, Petitioner plead guilty to one count of conspiracy to distribute, to possess with intent to distribute, and to manufacture marijuana in violation of 21 U.S.C. § 846.[2]  Doc. 8.  On March 24, 2004, Petitioner was sentenced to seventy eight (78) months in prison. Doc. 101.  Petitioner did not appeal his sentence.

Petitioner filed this Motion pursuant to § 2255 on March 30, 2005.  Doc. 152.  The Government filed its reply on February 9, 2005.  Doc. 177.  Petitioner did not file a rebuttal memorandum.

## II. STATUTE OF LIMITATIONS

As an initial matter, the Government contends that Petitioner's Motion should be dismissed because it was filed after the statute of limitations for § 2255 claims had expired.

Title 28 of the United States Code, § 2255 ¶ 6 prescribes a one-year statute of limitations period from "when the judgment of conviction becomes final," in which to attack a defendant's sentence or conviction.  A judgement of conviction becomes final when the time for seeking review of the judgment expires.  Allen v. Hardy, 478 U.S. 255, 258 (1986) ("By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed . . . .").  In a criminal case, a defendant's notice of appeal must be filed in the district court within ten days after the entry of judgment.  See Fed R. App P. 4(b)(1)(A) & 26(a)(1)-(2).  Judgment against the Petitioner was entered on March 24, 2004, giving him until April 6, 2004 to file a notice of appeal.  See id. (filing periods of less than eleven days shall not include weekends or federal holidays).  Petitioner did not appeal.

---

[2]Petitioner had also been charged with one count of possession with intent to distribute marijuana, but this charge was dismissed prior to sentencing.  Doc. 7.

Therefore, judgment became final as of April 6, 2004, and he had until April 6, 2005 to file a § 2255 Motion. Petitioner filed his § 2255 Motion on March 30, 2005, within the applicable limitations period. Petitioner's Motion is therefore timely.

### III. STANDARD OF REVIEW

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "inherently result[] in a complete miscarriage of justice." United States v. Addonizio, 422 U.S. 178, 185 (1979). In order to move the Court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was imposed in violation of the Constitution or laws of the United States; (2) that the Court was without jurisdiction to impose such a sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 ¶ 1.

A motion pursuant to 28 U.S.C. § 2255 "may not do service for an appeal," United States v. Frady, 456 U.S. 152, 165 (1982), and therefore § 2255 claims that should have been raised at trial, Wainwright v. Sykes, 422 U.S. 72, 97 (1977), and claims that could have been raised on direct appeal but were not, Frady, 456 U.S. at 167-68, are procedurally defaulted unless one of three exceptions applies. The first exception is when a petitioner demonstrates "cause" for his procedural default and "actual prejudice" therefrom. Id. The second is when a petitioner can demonstrate his actual innocence in either a capital case, or a case in which a recidivist sentencing enhancement was applied to the petitioner. United States v. Mikalajunas, 186 F.3d 490, 494-95 (4th Cir. 1999). The third exception is when a petitioner brings a claim of constitutionally ineffective assistance of counsel under the standard set forth in Strickland v.

Washington, 466 U.S. 668, 687-91 (1984). United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

Because a habeas petition is a civil action, the burden of proof is upon the petitioner to establish the allegations of his motion by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998). The court is not required to hold an evidentiary hearing on a § 2255 petition if the record of the case conclusively shows that petitioner is not entitled to relief. United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988); United States v. Rowland, 848 F. Supp. 639 (E.D. Va. 1994). Nevertheless, because he has filed his Motion pro se, the Petitioner is entitled to have his petition and asserted issues construed liberally. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

## IV. ANALYSIS

Petitioner alleges that he is entitled to a reduction or vacation of sentence on three grounds: (1) that his sentence is unconstitutional in light of the rule announced in Booker; (2) that he was convicted absent sufficient evidence that he committed the offense, because there was no evidence that he was in possession of a controlled substance at the time of arrest; and, (3) that he could not have committed the offense for which he has been convicted because he was under house arrest on the date of the crime. Doc. 152. However, in light of the standard stated above, Petitioners arguments are all without merit.

### A. Unconstitutional Sentence Under Booker

Petitioner contends that he is entitled to relief because, following the United States Supreme Court's decisions in Booker, his sentence under the Federal Sentencing Guidelines is unconstitutional. Doc. 152 at 5; see United States v. Booker, 543 U.S. 220 (2005). Petitioner

alleges that, following Booker, it was unconstitutional for the Court to use the Sentencing Guidelines as "mandatory requirements," rather than mere "advisory tools." Doc. 152 at 5.

Petitioner's Booker claim is not cognizable. The Fourth Circuit has held that Booker is not retroactively available to federal prisoners on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Because Petitioner's case became "final" for the purposes of retroactive analysis on April 6, 2004, more than nine months before Booker was decided, Booker does not apply to Petitioner on collateral review. Doc. 152; see Booker, 543 U.S. 220. Therefore, Petitioner's claim under Booker is **DENIED**.

### B. Petitioner's Claims That He Could Not Have Committed The Offense

Petitioner alleges that he was wrongfully convicted because there was insufficient evidence to show he was in possession of a controlled substance at the time of arrest,[3] and because he was under house arrest at the time of the offense.[4] Doc. 152 at 6, 8.

---

[3]Petitioner alleges:

> On 6/25/03, the Commonwealth of Virginia executed an[] arrest and search warrant of the movant's property that did not uncover any controlled substance. It would later be discovered at the hearing on 8/15/03, that the Commonwealth had no case due to lack of actual possession. On 8/15/03, the DEA executed an arrest and search warrant of the movant's property that once again did not uncover any controlled substance.

Doc. 152 at 6.

[4]Petitioner alleges:

> Arrest date by DEA, August 15, 2003. While movant was being held in custody from 8/15/03 until 8/21/03. Date of offense October 29, 2003. From 8/21/03 until 11/20/03 under the custody of the US Pretrial Services Unit on house arrest with electronic monitoring with GPS tracking. Impossible to have committed offense under the watchful eye of US Pretrial Services without their knowledge of my whereabouts.

Petitioner's claims involve evidentiary matters and findings of fact wholly inappropriate for review under § 2255. Section 2255 motions are not meant as a back door to appeal; rather, these motions are strictly reserved for constitutional violations that could not have been addressed on appeal or during the course of the trial. See Frady, 456 U.S. at 165, 167-68 (a motion pursuant to 28 U.S.C. § 2255 "may not do service for an appeal," so claims that could have been raised at trial or appeal are procedurally defaulted absent an exception); Wainwright, 422 U.S. at 97 (claim could have been brought up at trial, and was therefore procedurally defaulted). Indeed, Petitioner's claims are precisely the sort that could have been made had he not plead guilty and waived his right to trial and appeal. His claims encompass facts known to him at the time of his plea agreement; that is, what evidence the Government had against him with regards to drug possession and whether he was under house arrest at the time of the alleged offense.

The transcript of Petitioner's plea further refutes Petitioner's claim that he did not accept responsibility for the information contained in these claims in his plea agreement. Doc. 93. Petitioner was charged under count one with conspiracy to distribute, to possess with intent to distribute, and to manufacture marijuana. In the transcript of his plea, Petitioner was asked by the Court whether he had an opportunity to discuss this count with his attorney. Id. at 5. He said that he had. Id. Petitioner was asked whether he fully understood the nature of the charge against him. Id. at 6. He said he did. Id. Petitioner further stated that he understood the nature and content of count one, and waived the reading of count one. Id. Petitioner was told that were he to not enter a plea of guilty, the Government would have to prove the elements of the

---

Doc. 152 at 8.

charge against him beyond a reasonable doubt, and that by entering a plea of guilty there would be no trial because his admission of guilt takes the place of the Government having to prove it. Id. at 8-9. The Court then proceeded to explain to Petitioner the rights that he would be giving up by entering a plea of guilty and thus giving up the right to a trial. Id. at 9. Petitioner was expressly told that he would be admitting to the substance of the offense—that he conspired to distribute or possess with intent to distribute marijuana—and that he would be waiving his right to appeal. Id. Petitioner was thus explicitly told by the Court what the importance of entering his guilty plea would be, and Petitioner affirmed that he not only understood the nature of the charge against him, but that he admitted to committing the charged offense. Petitioner cannot now make claims that could have been brought up at trial or appeal. Petitioner waived that right and cannot use § 2255 to circumvent his guilty plea. Accordingly, these two claims are **DENIED**.

### V. Conclusion

Petitioner's § 2255 Motion is hereby **DENIED** and **DISMISSED**.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Petitioner and counsel of record for the United States.

Petitioner is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. If Petitioner wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
September 25, 2006